THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KAREN M. DOWNING, | ) |
| Plaintiffs, | ) Case No. CIV-17-1102-R |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| 1. TURBINES, INC., an Oklahoma corporation, | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Karen M. Downing ("Downing"), for her claims against Defendant, Turbines, Inc., alleges and states as follows:

### I.
### PARTIES

1. Downing is a resident of Jackson County, Oklahoma.

2. Turbines, Inc. is a domestic for profit business corporation, with its principal place of business in Jackson County, Oklahoma.

### II.
### JURISDICTION AND VENUE

3. Downing's claim is for discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA") and the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1101 *et seq.*, as amended ("OADA").

4. Jurisdiction over Downing's claim against Turbines, Inc. under ADEA is vested in this Court under 28 U.S.C. § 1331.  This Court has jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

5. The actions complained of occurred in Jackson County, Oklahoma, and the Defendant may be served in that County.

6. Downing was working for Defendant in Jackson County, Oklahoma, at the time of her termination.

7. Jackson County is within the Western District of Oklahoma, and venue is therefore proper in this Court under 29 U.S.C. § 1391(b).

8. Downing timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued to Downing a Right to Sue letter on September 21, 2017.  Accordingly, all administrative remedies have been exhausted and the filing of this Complaint is both proper and timely.

9. The Defendant is an employer who employs at least 20 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

### III.
### STATEMENT OF FACTS

10. Dowing began working for the predecessor of Defendant in 1987.

11. Downing remained an employee for the next almost 30 years until she was fired by Defendant on January 27, 2017.

12. At the time of her termination, Downing was 62 years old.

13. During her tenure with Defendant, Downing received many good reviews and several raises and promotions.

14. In 1998, Downing's employer was purchased by Primary Flow Signal, Inc., a company headquartered in Rhode Island ("Primary Flow"). The company was re-named Turbines, Inc., but the location, employees and business remained the same.

15. By 2010, Downing was promoted all of the way to Executive Director of Turbines, Inc., and was in charge of business locations in both Altus, Oklahoma and in South Carolina.

16. The Primary Flow regime began treating Downing poorly in 2015, when she was demoted without justification from her Executive Director position to a sales position. Shane Bonds, who previously was supervised by Downing, was promoted to General Manager of the Altus location, and Bonds became Downing's supervisor.

17. At the time of her demotion, Downing's annual salary was also reduced from approximately $189,000.00 to $95,000.00. Later, Downing's salary was further reduced to $75,000.00.

18. On the morning of January 27, 2017, Bonds called Downing into his office. Bonds told Downing that she turned 62 years old the week before and had been with the company over 29 years, so Turbines, Inc. had decided to "retire" her.

19. At the same time, Bonds gave Downing three "Written Warnings," which purported to be a series of progressive discipline write-ups under Turbine, Inc.'s Employee Handbook, Section 716. However, the supposed discipline was not progressive. Downing had never seen any of the three written warnings prior to the

meeting in which her employment was terminated, and in fact, Bonds signed and dated each of the written warning on the same day – January 26, 2017.

20.     One of the written warnings claims to be a "Final Written Warning," but that notion is preposterous because Downing was fired at the same time she was provided that document and the two others.

21.     Downing told Bonds that the company could not retire her, only she could choose to retire and she was not yet ready to do so.

22.     Bonds asked Downing to sign the purported Written Warnings, but she refused to do so.

23.     Bonds told Downing that her employment with Turbines, Inc. was terminated, but the company was going to nonetheless tell other employees and customers that she retired, even though she most assuredly did not.

24.     Downing was escorted to her desk to retrieve personal belongings, and then escorted to her car.  Turbines, Inc. then called a meeting of all employees and told them that Downing retired.  That was a lie.

25.     Turbines, Inc. fired Downing specifically because of her age and the length of her tenure with the company.

26.     The reasons set forth in the trumped-up Written Warnings that accompanied Downing's firing were pretextual.  The Written Warnings attribute supposed mistakes to Downing over the preceding four months, but the supposed mistakes were immaterial and much more infrequent than similar mistakes committed by other Turbines, Inc. employees on a daily basis.

27. The motivating factor in the firing of Downing was her age.

28. All adverse actions described herein and taken by Turbines, Inc. against Downing, including without limitation her firing, were done intentionally, willfully, and in reckless disregard for the rights of Downing.

29. Upon information and belief, Turbines, Inc. has written policies that it will not discriminate against its employees because of age. Nonetheless, Turbines, Inc. willfully and knowingly took adverse employment-related actions against Downing because of her age.

30. At the time of her discharge, Downing was paid a salary at the rate of $75,000.00 per year. In addition, Downing received fringe benefits, including without limitation, medical and retirement benefits.

31. As a result of Turbine, Inc.'s wrongful actions, Downing has suffered loss of employment; loss of career path and seniority; and loss of compensation and benefits. The total amount of such losses and damages exceeds $75,000.00.

## IV.
## FIRST CLAIM
## BREACH OF ADEA

32. Downing incorporates herein by reference Paragraphs 1-31 above

33. Downing was over the age of 40 at the time she was fired by Turbines, Inc.

34. Downing was fully qualified to perform her assigned job duties, and she was properly and adequately performing those duties at the time of her termination.

35. The determining factor in Turbine, Inc.'s adverse action toward Downing was her age.

36.     As a result of Turbine, Inc's adverse actions, Downing suffered the losses of damages alleged above.

37.     Turbines, Inc.'s violation of the ADEA was willful.

38.     Downing is entitled to all remedies and relief afforded by the ADEA, including without limitation, back pay, liquidated damages, front pay, costs, expenses and a reasonable attorney's fee in bringing this action, as well pre-judgment and post-judgment interest.

## V.
## SECOND CLAIM
## VIOLATION OF OADA

39.     Downing incorporates herein by reference Paragraphs 1-38 above.

40.     Downing is protected under the OADA from employment discrimination based upon age.

41.     Turbines, Inc. discriminated against Downing by terminating her because of her age in violation of the OADA.  As a result, Downing sustained the losses and damages described above.

42.     Turbines, Inc.'s actions in violating the OADA were intentional, willful, malicious, and in reckless disregard for Downing's rights thereunder.

43.     Downing is entitled to all remedies and relief provided under the OADA for age discrimination in employment.

# VI.
# JURY TRIAL DEMANDED

44. Downing incorporates herein by reference Paragraphs 1-43 above.

45. Downing is entitled to a jury trial for her federal and state law claims, and hereby requests a jury trial.

WHEREFORE, Downing requests that judgment be granted in her favor and against Turbines, Inc. on all claims, that the Court grant Downing all available compensatory damages, pre and post-judgment interest, costs, attorney's fees, and any other legal or equitable relief allowed by law.

          Respectfully submitted,

          */s/ Ryan S. Wilson*

          Ryan S. Wilson, OBA #14340
          WILSON LAW FIRM
          Post Office Box 891390
          Oklahoma City, OK 73189
          Telephone: (405) 246-0092
          Facsimile: (405) 246-9652
          ryan@RSWilsonlaw.com

          **ATTORNEY FOR PLAINTIFF**